193 P.2d 403

### QUINLAN v. GLENNON.

No. 7450.

Supreme Court of Idaho.

May 4, 1948.

Robert E. Smylie, Atty. Gen., Don J. McClenahan and John A. Carver, Jr., Asst. Attys. Gen., and W. C. Loofbourrow, Pros. Atty., of American Falls, for plaintiff in error.

B. A. McDevitt, of Pocatello, for defendant in error.

HOLDEN, Justice.

On and prior and ever since March 19, 1948, Edward Quinlan was, and still is, judge of the probate court of Power county, and as such a committing magistrate, as provided by sec. 19-503, I.C.A. On that day four complaints were filed in said court before the said, the Honorable Edward Quinlan as such magistrate, charging Fred Zimmerman, Bill DeMinthe, Ross Terrell, and Al Walkner, respectively, with the commission of an indictable misdemeanor, to wit, gambling, under sec. 17-2301, I.C.A., as amended in 1947 (chap. 239, 1947 S.L., p. 592). Demurrers were interposed to said complaint by the said persons, respectively. Magistrate Quinlan refused to hear, consider or pass on the questions attempted to be raised by such demurrers and on motion of the prosecuting attorney struck the same from the files. He thereupon set the preliminary examinations, respectively, into the alleged commission of said indictable misdemeanors down for hearing for April 9, 1948. Whereupon the above named persons, jointly, filed a verified complaint in the district court of the fifth judicial district of the state of Idaho in and for Power county, before the Honorable L. E. Glennon, one of the judges of said district court, against the said magistrate, praying for the issuance of a writ of mandamus directed to said magistrate requiring him to hear, consider and determine said demur-

rers or to show cause why he had not done so.

Thereupon an alternative writ of mandate issued out of said court and cause, directed to said magistrate, commanding him to hear and decide said demurrers or to show cause before the said, the Honorable L. E. Glennon, as such district judge, on April 21, 1948, why he had not done so. Following service of said alternative writ, to wit, April 14, 1948, the said, the Honorable Edward Quinlan, magistrate as aforesaid, filed a duly verified petition in this court against the said, the Honorable L. E. Glennon, as judge of said district court, by which petition such committing magistrate, in substance, alleges defendant judge is acting in the premises, without and in excess of the jurisdiction of said district court, and praying, among other things, for the issuance of a writ of prohibition against defendant judge, prohibiting him from proceeding further in said mandamus proceeding. Pursuant to said petition and on April 15, 1948, an alternative writ of prohibition duly and regularly issued out of this court, directed to defendant judge, commanding him to vacate said writ of mandate and desist and refrain from further proceedings therein, or show cause before this court at Boise, Idaho, April 20, 1948, why he should not be prohibited from proceeding further in said mandamus matter. April 16, 1948, the said alternative writ of prohibition was served upon defendant judge. Thereafter Judge Glennon answered, and in substance denied he was acting in the premises, either without or in excess of the jurisdiction of said district court. The matter was submitted on briefs.

■ The pivotal question presented for decision, is this: Does our statute, covering preliminary examinations into the alleged commission of either an indictable misdemeanor or felony, grant the right to a defendant to interpose a demurrer to the complaint filed against him in such preliminary examination?

This court held in O'Niel v. Madison Lumber & Mill Co., 61 Idaho 546, 550, 105 P.2d 194, 195, that: "It is the province of the legislature, and not the litigant, to prescribe practice and procedure." The legislature made no provision for interposing a demurrer to a complaint in a preliminary examination into the alleged commission of either an indictable misdemeanor or felony. Therefore, the demurrers interposed by Zimmerman, DeMinthe, Ross Terrell, and Al Walkner, had no legal status whatever, and for that reason the magistrate was under no duty to hear, consider or pass on such demurrers.

■■ It follows, then, the said district court acted without and in excess of its jurisdiction in directing and commanding the said magistrate to hear, consider and pass on the demurrers. Furthermore, there being no plain, speedy and adequate remedy in the ordinary course of law, the

alternative writ of prohibition issued April 15, 1948, is made permanent.

GIVENS, C. J., and MILLER and HY-ATT, JJ., concur.